FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WINNIE ADAMS, MEGAN BARTON, and AFTON MAY,<br><br>Plaintiffs,<br><br>v.<br><br>OKANOGAN COUNTY PUBLIC HOSPITAL DISTRICT NO 3 d/b/a MID-VALLEY HOSPITAL,<br><br>Defendant. | No. 2:24-cv-00056-RLP<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER IN PART AND DENYING IN PART |

Before the Court is the parties' Stipulated Protective Order, ECF No. 16. The parties seek a protective order to protect confidential material including: (a) Plaintiffs' medical records; and (b) any individual person's income tax information, social security numbers, passport numbers, driver license numbers,

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PARTAND DENYING IN PART ~ 1

private banking/financial account records or information (redact to the last four digits), dates of birth (unless deceased), home addresses, personal telephone numbers, and passwords.

The parties ask the Court to sign a Protective Order that was drafted and agreed to by the parties. It is this Court's preference to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials. The parties are free to contract between themselves regarding disclosure of information produced in discovery and pursue appropriate remedies in the event of breach; however, the Court will not be party to such an agreement. If the parties wish to file specific items of discovery in the court record and protect such items from public access, the Court will entertain a motion to seal or an application for a narrowly tailored protective order. As such, the Court denies the request for a blanket protective order regarding Plaintiff's medical records.

However, the Court finds good cause under Fed. R. Civ. P. 26(c) to issue an order to protect certain categories of information produced by a party in discovery in this matter to prevent annoyance, embarrassment, oppression, or undue burden or expense. The Court therefore grants the protective order as to any individual person's income tax information, social security numbers, passport numbers, driver license numbers, private banking/financial account records or information (redact

to the last four digits), dates of birth (unless deceased), home addresses, personal telephone numbers, and passwords.

ACCORDINGLY, IT IS ORDERED:

1. The parties' Stipulated Protective Order, **ECF No. 16**, is **GRANTED in part** as to any individual person's income tax information, social security numbers, passport numbers, driver license numbers, private banking/financial account records or information (redact to the last four digits), dates of birth (unless deceased), home addresses, personal telephone numbers, and passwords.

2. The parties' Stipulated Protective Order, **ECF No. 16**, is **DENIED in part** as to medical records generally.

**PROTECTIVE ORDER**

This Order does not confer blanket protection on all disclosures or discovery responses. The protection it affords from public disclosure and use applies only to limited information or items entitled to confidential treatment under applicable legal principles. Additionally, it does not automatically entitle parties to file confidential information under seal.

1. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include any individual person's income tax information, social security numbers, passport numbers, driver license numbers, private banking/financial account records or information (redact to the last four

digits), dates of birth (unless deceased), home addresses, personal telephone numbers, and passwords.

2.  SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

3.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

3.1  Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

3.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless

otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

    (c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (d) the court, jury, court personnel, and court reporters and their staff;

    (e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PARTAND DENYING IN PART ~ 5

to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits containing confidential material must be separately bound by the court reporter and may only be disclosed as permitted under this agreement; ;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

3.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. A party who seeks to maintain the confidentiality of its information bears the burden to satisfy the applicable legal requirements to do so, even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.    <u>DESIGNATING PROTECTED MATERIAL</u>

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PARTAND DENYING IN PART ~ 6

4.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications that do not warrant protection are not unjustifiably included in this agreement's scope.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PARTAND DENYING IN PART ~ 7

disclosed or produced.

(a) <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable,

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 8

shall identify the protected portion(s).

4.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. In such cases, the receiving party must take reasonable steps to ensure the material is treated as confidential under this agreement.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date,

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 9

manner, and participants to the conference. A good-faith effort to resolve disputes requires an in-person or telephone conference.

      5.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the parties may seek judicial intervention. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

6.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

      (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

7.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PARTAND DENYING IN PART ~ 10

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

8. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

9. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 11

all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel may retain a single archival copy of court filings, transcripts, correspondence, deposition and trial exhibits, expert reports, and attorney or consultant work product, even if these materials contain confidential information. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS FURTHER ORDERED Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that s

IN PART AND DENYING IN PART ~ 12

protected as privileged or work product shall be immediately returned to the producing party.

IT IS SO ORDERED. The Clerk shall enter this Order and forward copies to counsel.

**DATED** March 31, 2025.

_____
REBECCA L. PENNELL
United States District Judge

ORDER GRANTING STIPULATED PROTECTIVE ORDER
IN PART AND DENYING IN PART ~ 13